IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PHILIP T. MCGRATH and
JULIE S. MCGRATH,

      Plaintiffs,

v.   No.

STATE FARM INSURANCE COMPANY,

      Defendant.

# NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO

COMES NOW Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), incorrectly named as State Farm Insurance Company, by its undersigned attorneys, Guebert Bruckner P.C., and pursuant to 28 U.S.C. §§ 1332(a), 1367, 1441(a), 1446, and D.N.M.LR-Civ 81.1, hereby gives notice of the removal of this action. In support of this Notice of Removal, State Farm states as follows:

1. On July 17, 2015, Plaintiffs Philip T. McGrath and Julie S. McGrath filed a Complaint for Breach of Contract, Breach of the Duty of Good Faith and Fair Dealing, and for Bad Faith (the "Complaint") in the Second Judicial District Court, County of Bernalillo, State of New Mexico. The case was docketed as Second Judicial District Court No. D-202-CV-2015-05891. A copy of the Complaint is attached hereto as **Exhibit A**.

2. As set forth below, State Farm has satisfied all procedural requirements for removal. In addition, traditional diversity jurisdiction exists because Plaintiffs have different citizenship than State Farm, their individual claims satisfy the $75,000 jurisdictional limit of 28 U.S.C. § 1332(a), and State Farm is not a citizen of New Mexico.

I. **STATE FARM HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

3. The Complaint was served on State Farm through the New Mexico Superintendent of Insurance, which accepted service on February 21, 2017. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) within thirty (30) days of service of the Complaint.

4. Pursuant to 28 U.S.C. § 1446(b) and D.N.M.LR-Civ. 81.1, attached hereto are copies of all pleadings served upon State Farm in the Second Judicial District Court No. D-202-CV-2015-05891. (**Exhibit A**)

5. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and a copy is being filed with the Clerk of the Second Judicial District Court, Bernalillo County, New Mexico.

6. State Farm is the only Defendant. As a result, consent to removal from other defendants is not an issue. Likewise, State Farm is not a citizen of New Mexico. As a result, 28 U.S.C. § 1441(b) does not preclude removal.

II. **THIS COURT HAS TRADITIONAL DIVERSITY JURISDICTION OVER THIS ACTION.**

    A. **Complete Diversity Exists Between Plaintiffs and Defendant**

7. It is well settled that State Farm Mutual Automobile Insurance Company is a citizen of Illinois for the purposes of federal jurisdiction, as it is organized under the laws of Illinois, and its principal place of business is in Illinois. *See* 28 U.S.C. § 1332(c)(1); *see also, e.g.*, *Painsolvers, Inc. v. State Farm Mut. Auto. Ins. Co.*, 685 F. Supp. 2d 1123, 1126 (D. Haw. 2010) ("State Farm Mutual Automobile Insurance Company[] is an

insurance company organized under the laws of the State of Illinois, with its principal place of business in Bloomington, Illinois."); *State Farm Mut. Auto. Ins. Co. v. Logan*, 444 F. Supp. 2d 622, 624 (D.S.C. 2006) (identifying Illinois as State Farm's principal place of business); *State Farm Ins. Co. v. Taylor*, 293 F. Supp. 2d 530, 531 (E.D. Pa. 2003) (same).

8. Plaintiffs are citizens of New Mexico, Bernalillo County. Complaint ¶¶ 3-4.

9. Because State Farm is a citizen of Illinois for purposes of federal jurisdiction and because Plaintiffs are citizens of New Mexico, Bernalillo County, complete diversity exists between the parties.

**B.     The $75,000 Amount in Controversy is Satisfied**

10. For purposes of diversity jurisdiction, "[t]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (citing *Lonnquist v. J.C. Penney Co.*, 421 F.2d 597, 599 (10th Cir. 1970)). "Where neither document suffices, the court may also consider other relevant materials in the record." *Hanna v. Miller*, 163 F. Supp. 2d 1302, 1305 (D.N.M. 2001) (citing *Varela v. Wal-Mart Stores, East, Inc.*, 86 F. Supp. 2d 1109, 1111 (D.N.M. 2000)).

11. The Complaint does not allege a specific amount of damages. However, the New Mexico rules of civil procedure generally prohibit the inclusion of a specific amount of claimed damages. *See* Rule 1-010(B) NMRA ("Unless it is a necessary allegation of the complaint, the complaint shall not contain an allegation for damages in any specific monetary amount."). Where, as here, "a state rule of procedure provides that the amount of damages may not be included in the complaint, the court must examine the facts existing at the time of removal

and determine whether those facts prove to 'a reasonable probability' -- i.e., that it is more likely than not -- that the jurisdictional amount was met." *Hanna*, 163 F. Supp. 2d at 1305–06 (quoting *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428 (7th Cir. 1997)).  In making this determination, courts may consider "the substance and nature of the injuries and damages described in the pleadings, any attorney affidavits filed prior to or in connection with the removal notice, a plaintiff's prior admission in open court that the value of the claim exceeds the jurisdictional amount, or even a plaintiff's refusal to stipulate or admit that he or she is not seeking damages in excess of the requisite amount." *Id.* (collecting cases).

12. Here Plaintiffs do not cap their damages in any way, and avoid making any stipulation that they are not seeking individual damages in excess of the $75,000 jurisdictional amount.  Rather, the Complaint contains three (3) specific counts against State Farm: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing, and (3) bad faith.  *See generally* Complaint.  In addition, Plaintiffs seek actual, consequential and punitive damages and "other relief as [the] Court deems just and proper."  Complaint, Prayer for Relief.

13. An examination of Plaintiffs' claims establishes that Plaintiffs have put far more than $75,000 in controversy.  To begin, the Complaint references a claim that was made on State Farm under Plaintiffs' uninsured/underinsured policies following a collision with a "fully loaded 18,000 pound tractor-trailer rig" resulting in injuries to the Plaintiffs including lumbar fractures to Plaintiff Philip McGrath.  Complaint ¶¶ 5, 6, 10.  The claim makes demand on Plaintiffs' insurance policies on four vehicles, "all insured with State Farm and carrying uninsured/underinsured motorist limits of $50,000 each."  Complaint ¶ 11.  With stacking, there is potentially $200,000 in uninsured/underinsured motorist coverage in dispute.  The amount of

insurance coverage available, combined with Plaintiffs' prayer for relief for actual, consequential and punitive damages is enough to satisfy the $75,000 requirement.

14. Nevertheless, based on the experience of lead counsel for State Farm--who has been actively involved in the evaluation of the personal injuries like those asserted by Plaintiffs and who, over the course of his 35-year career, has tried in excess of 100 cases to juries in New Mexico and has evaluated hundreds of claims made against insurance companies and their insureds--if Plaintiffs' claim of a bad faith denial of insurance benefits were accepted by a jury, the total damages would be in excess of $75,000.00. *See* Guebert Aff. ¶¶ 3–4, 7, **Exhibit B**.

15. The opinion of Mr. Guebert is confirmed through actual jury awards in bad faith cases, which the Court may properly consider when determining the amount in controversy. *See, e.g.*, *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450–51 (S.D. Cal. 1995) (comparing damages in other insurance bad faith cases in denying motion to remand); *Hutchens v. Progressive Paloverde Ins. Co.*, 211 F. Supp. 2d 788, 791 (S.D. Va. 2002) (comparing range of punitive damages awards in other cases in denying motion to remand). Jury awards in bad faith cases have included sizeable amounts for punitive damages. *See Haberman v. The Hartford Ins. Group*, 443 F.3d 1257 (10th Cir. 2006) (affirming award of $100,000 in punitive damages); *Vining ex. rel Vining v. Enter. Fin. Group*, 148 F.3d 1206 (10th Cir. 1998) (affirming award of $400,000 in punitive damages); *Markham v. Nat'l States Ins. Co.*, 122 Fed. Appx. 392 (10th Cir. 2004) (unpublished) (affirming award of $150,000 in punitive damages). Thus, Plaintiffs' demand for punitive damages[1], which must be considered to be part of the amount in controversy, independently satisfies the $75,000 threshold.

---

[1] Complaint, Count III – Bad Faith, Prayer for Relief.

16.     Plaintiffs also seek to recover their attorney's fees[2], which can be significant in bad faith cases and must be included as part of the amount in controversy. *See Vining,* 148 F.3d at 1212 (affirming award of $94,223.75 in attorney's fees against insurer); *Markham*, 122 Fed. Appx. 392 (unpublished) (affirming award of $103,830 in attorney's fees against insurer); *O'Neel v. USAA Ins. Co.*, 41 P.3d 356 (N.M. Ct. App. 2002) (affirming award of $64,000 in attorney's fees against insurer).

17.     Plaintiffs' broad request for consequential damages and "any other relief as [the] Court deems just and proper" potentially places additional categories of damages at issue for the amount in controversy calculation. *See* UJI 13-1716, NMRA (damages in a bad faith lawsuit include "[t]he amount of any incidental or consequential loss to the plaintiff. Any damages found by you for this loss must be damages which the insurance company and the policyholder could reasonably have expected to be a consequence of the company's failure to perform its obligations under the insurance policy.").

18.     Adding Plaintiffs' claims for actual, consequential, and punitive damages, attorney's fees, as well as potential claims for "other relief," establishes the amount in controversy for Plaintiffs' claims certainly exceeds $75,000.

19.     State Farm reserves the right to amend and/or supplement this Notice of Removal.

WHEREFORE, for all of the foregoing reasons, this action is properly removed.

---

[2] Complaint, Count I and Count III, Prayer for Relief.

GUEBERT BRUCKNER P.C.


By   */s/ Lawrence A. Junker*
    Terry R. Guebert
    Lawrence A. Junker
    P.O. Box 93880
    Albuquerque, NM 87199-3880
    (505) 823-2300
    tguebert@guebertlaw.com
    ljunker@guebertlaw.com
    *Attorneys for Defendant State Farm*

This is to certify that on this 23rd day of March, 2017, the foregoing Notice of Removal to United States District Court for the District of New Mexico was filed electronically through the CM/ECF system, and that I caused a copy of the same to be served by email to:

Jedidah J. Glazener
9747 Summer Shower Pl. NW
Albuquerque, NM 87120
(505) 688-8144
jed.glazener@gmail.com
*Attorney for Plaintiffs*


*/s/ Lawrence A. Junker*
Terry R. Guebert
Lawrence A. Junker
*Attorneys for Defendant State Farm*

F:\Clients\0102.230bf\Pleadings\2017.03.23 Notice of Removal.docx/jrg

7